[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The motion to strike pending before the court involves the right of a defendant insurance company in an uninsured and underinsured motorist claim to seek apportionment. The plaintiff, Keith Morrill, who is also the defendant on the apportionment counterclaim and the apportionment defendant with respect to the apportionment complaint in this litigation, has raised two procedural objections and one substantive objection to the apportionment claims of the defendant Travelers Indemnity Company.
The plaintiffs Keith Morrill and John Vance initiated this action against the defendants Abigail Rutledge, Coleen Rutledge, Allstate Indemnity Company and Travelers Indemnity Company. The complaint alleges that Keith Morrill, as the operator of a motor vehicle, and John Vance, as a passenger, suffered personal injuries as a result of a collision on March 30, 1997 with a vehicle operated by Abigail Rutledge and owned by Coleen Rutledge. In the first count of the complaint, Morrill and Vance assert negligence claims against Abigail Rutledge and Coleen Rutledge. In the second count, Morrill and Vance assert claims of recklessness against the Rutledges. In the third count, Morrill and Vance allege that the Rutledges were not insured by any automobile liability insurance policy and they assert uninsured motorist claims against Allstate Indemnity Company, which they claim had an automobile liability insurance policy with Morrill. In the complaint's fourth count, Vance alleges that he had an automobile liability insurance policy with Travelers Indemnity Company which provided uninsured and underinsured benefits and he asserts a uninsured and underinsured claim against it.
The defendant Travelers Indemnity Company has filed a counterclaim against the plaintiff Morrill in which it claims that the injuries of the plaintiff Vance were due to the negligence of Morrill and it seeks an apportionment of liability with respect to the personal injury claims of the plaintiff Vance. Travelers Indemnity Company has also filed an apportionment complaint against Morrill in which it similarly seeks an apportionment of liability with respect to Vance's personal injury CT Page 8906 claims. Morrill has moved to strike both the counterclaim and the apportionment complaint.
The function of a motion to strike is to test the legal sufficiency of a pleading. RK Constructors. Inc. v. Fusco Corp., 231 Conn. 381, 384
(1994). It may be used to assert that the allegations of a complaint or a counterclaim fail to state a claim upon which relief may be granted. Practice Book § 10-39(a).
Morrill asserts that the apportionment counterclaim should be stricken because it does not assert a cause of action on which Travelers Indemnity Company might have secured affirmative relief had it sued him in a separate action and that the apportionment complaint should be stricken because such a complaint may only be served upon a person not a party to the action. Morrill further contends that a defendant insurance carrier does not have the right to seek apportionment with respect to an uninsured and underinsured motorist claim. Travelers Indemnity Company contends that in light of the Connecticut Supreme Court decision inHaynes v. Yale New Haven Hospital, 243 Conn. 17 (1997) it should be viewed as a liability insurance surrogate for the uninsured or underinsured motorist tortfeasor with the corresponding right to assert an apportionment claim. The court agrees with the procedural objections raised by Morrill.
A counterclaim is a cause of action existing in favor of the defendant against the plaintiff and on which the defendant might have secured affirmative relief had he sued the plaintiff in a separate action.Wallingford v. Glen Valley Associates. Inc., 190 Conn. 158 (1983). An apportionment complaint does not seek affirmative relief and could not form the basis for a separate action. See Sommers v. Heise, judicial district of Waterbury, No. CV 960131563S, (August 2, 1996) (Vertefeuille, J.) and Algea v. Barnett, judicial district of Bridgeport, No. CV 334396, (July 17, 1997) (Skolnick, J.).
The service of an apportionment complaint is authorized by General Statutes § 52-102b and is limited to service "upon a person not a party to the action." General Statutes § 52-102b(a). In this case, Travelers Indemnity Company has served an apportionment complaint upon Morrill who is already a party to this action. Travelers Indemnity Company cites no authority for this procedure and the court can find none. An apportionment complaint served upon a person already a party to an action should be stricken. Delaney v. Keemon, judicial district of New London at Norwich, No. 116136 (April 30, 1999) (Mihalakos, J.).
Because the issues presently before the court can be decided upon narrow procedural grounds, the court need not decide the interesting but CT Page 8907 problematic issue of the substantive right of an insurance carrier in an uninsured and underinsured motorist claim to seek apportionment from other tortfeasors.[1] Travelers Indemnity Company may very well be entitled to seek apportionment against Morrill. However, it may not do so in this action through a counterclaim or an apportionment complaint. It remains free to raise this issue again at the appropriate time, such as through a request to the trial judge for submission of apportionment to the jury. See General Statutes § 52-572h(c), (e) and (f).
For the foregoing reasons, the plaintiff Morrill's motion to strike the counterclaim and complaint of the defendant Travelers Indemnity Company is hereby granted.
BY THE COURT
 ________________________ Judge Jon M. Alander